# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| DayDanyon Corporation ) | ASBCA No. 57611 |
| ) | |
| Under Contract No. SPM8ED-09-D-0001 ) | |

APPEARANCE FOR THE APPELLANT: Mr. Joseph S. Jankowski
President

APPEARANCES FOR THE GOVERNMENT: Daniel K. Poling, Esq.
  DLA Chief Trial Attorney
Joseph R. Weidenburner, Esq.
  Assistant Counsel
Kristin K. Bray, Esq.
  Assistant Trial Attorney
  DLA Troop Support
  Philadelphia, PA

## OPINION BY ADMINISTRATIVE JUDGE JAMES
## ON APPELLANT'S MOTION FOR RECONSIDERATION

Our 22 January 2014 decision in *DayDanyon Corp.*, ASBCA Nos. 57611, 57681, 57717, 14-1 BCA ¶ 35,507 at 174,040, granted summary judgment to DLA Troop Support (DLATS, government or respondent) and denied ASBCA No. 57611, denied summary judgment to respondent on ASBCA No. 57681, and dismissed ASBCA No. 57717 as duplicative of No. 57611. On 24 February 2014, DayDanyon (movant) timely moved for reconsideration "for Appeals 57611 and 57717 only,"[1] and submitted further argumentation for its motion on 28 February 2014. The government responded to the motion on 14 March 2014. Movant replied thereto on 8 April 2014. Familiarity with our 22 January 2014 decision is assumed.

SOF ¶ 5 of our decision stated: "The record contains no evidence that DayDanyon sought from the CO clarification of the term 'Two Years' in the above-quoted [FAR 52.216-22(d) and FAR 52.216-18(a)] contract provisions." Movant asserts, citing its supplemental Rule 4, tabs 38-39, 42-43, 44, 47, 53-54 (including Jankowski Declaration No. 1 dated 21 November 2013), that the Board overlooked record evidence

---

[1] In an 18 March 2014 telephone conference call, in reply to Judge James' question whether DayDanyon questioned the dismissal of ASBCA No. 57717 as duplicative of ASBCA No. 57611, Mr. Jankowski answered "no." Thus, this decision captions only ASBCA No. 57611. (Bd. corr. ltr. dtd. 18 March 2014)

of pre-bid discussions of the parties showing they concurred "that the 'Two Years' term used on FAR 52.216022(d) [sic] was to describe the same 'Two Years' time period described in the Ordering Clause…as the base period of the contract" and failed to consider the "initial origin inspection procedures for the JMICs." Movant concludes that these omissions led to the Board's erroneous interpretation of the "Two Years" phrase in FAR 52.216-22(d). (App. mot. at 1-5)

Respondent contends that DayDanyon's motion for reconsideration raises no new evidence and merely reiterates its earlier arguments on the cross-motions for summary judgment. Specifically, respondent argues that the Jankowski Declaration (app. supp. R4, tab 43) does not show prior concurrence of the parties on DayDanyon's interpretation of the FAR 52.216-22(d) clause; the plain and unambiguous terms of the FAR 52.216-18 and 52.516-22 clauses do not support DayDanyon's unreasonable interpretation; and thus the Board's conclusion of law was not in error. (Gov't resp. at 2-4)

I.

Mr. Jankowski's 21 November 2013 Declaration states that prior to award he discussed the contract solicitation with Mr. Michael Upshaw, the designated point of contact, contracting officer (CO) Howard Page, and product specialist Mr. Edward Nunan. "I asked if the time period that should be in the blank for 52.216-22(d) was the same as the base ordering period as shown in FAR 52.216-18. I was told yes." (App. supp. R4, tab 43 at 2-3)

Assuming, for present purposes, the accuracy of the above conversation, that question and answer does not address DayDanyon's assertion that DLATS concurred with Mr. Jankowski's interpretation that "Two Years" meant that DLATS had to order an additional 500 JMICs by 24 December 2010 in order to obtain their delivery within two years after contract award, i.e., by 23 April 2011 less 120 days. In deciding the parties' cross-motions for summary judgment on ASBCA No. 57611, we did not overlook Mr. Jankowski's Declaration with respect to the interpretation of the phrase "Two Years." Neither the undated, anonymous notes concerning Solicitation No. SPM8ED-09-R-0011 (app. supp. R4, tab 44) nor appellant's supplemental Rule 4, tabs 38-39, 42, and 53-54, mention the FAR 52.216-18 or 52.216-22 clauses, or show that Mr. Jankowski and the CO agreed on DayDanyon's interpretation of the phrase "Two Years" in the two FAR clauses. Those documents do not support DayDanyon's motion. DayDanyon has not shown that the Board's decision ignored any material evidence. However, based on the above, we believe that SOF ¶ 5 requires minor correction, see CONCLUSION, infra.

II.

We turn to whether our decision erred in contract interpretation. The contract schedule provided that "[o]rders may be issued on this contract for a period of TWO YEARS," and required delivery of production JMICs within "120 days after the date of the resulting

2

[DOs]" (SOF ¶ 3). The contract's FAR 52.216-18 clause, ¶ (a), specified the two year ordering period to start "FROM: DATE OF CONTRACT AWARD," and its FAR 52.216-22 clause, ¶ (d), provided:

> Any order issued during the effective period of this contract and not completed within that period shall be completed by the Contractor within the time specified in the order. The contract shall govern the Contractor's and Government's rights and obligations with respect to that order to the same extent as if the order were completed during the contract's effective period; *provided*, that the Contractor shall not be required to make any deliveries under this contract after Two Years[.]

(SOF ¶ 5)

The contract's E46C06, 52.246-9008, INSPECTION AND ACCEPTANCE AT ORIGIN (AUG 2007) clause specified that all supplies would be inspected at "DanDanyon Corporation…Hartwell, GA" (R4, tab 4 at 14 of 21). The contract specified a quality assurance procedure SQAP-PHST-176A of 20 June 2008 (R4, tab 4 at 4 of 21), which provided in ¶ 5:

> 5. Quality Conformance Inspection Production Lot Sampling Testing. Unless otherwise specified in the contract or purchase order, prior to delivery, the Government shall perform a sample lot inspection of the production containers. The DCMA-QAR shall randomly select up to 2% of the total production quantity containers. If the total production quantity is less than 100, the minimum sample shall be one (1) container. Seven days before the production quantities are to be tendered for acceptance, the contractor shall arrange to have the DCMA-QAR select the sample….
>
> 5.1 Scheduled Lead Time for Production Lot Testing is as follows:

| ACTION | ACTION ACTIVITY | *CALENDAR DAYS |
|---|---|---|
| Submission of Production Sample | Contractor | Per Schedule |
| Testing & Evaluation | Government Test Activity | 15 |

3

| | | |
|---|---|---|
| Approval of | DSCP-Contracting Officer | 5 |
| Test Report/ | | |
| Notification | | |
| of Failure | | |

(App. supp. R4, tab 47 at 3-4)

Movant interprets SQAP-PHST-176A to provide that, for production JMICs inspected and accepted at origin, 7 days before the delivery date the contractor arranges for the DCMA-QAR to select a lot sample for government testing, evaluation, and approval; the contractor tenders the lot for acceptance on the delivery date; the government has up to 20 days after receiving the sample to test, evaluate, and approve it; and upon government acceptance of the lot, the contractor completes the order by arranging pick-up with DCMA, preparing and loading the lot for shipment. Movant concludes:

> [I]f an order is issued late enough in the ordering period, though the contractor may have delivered within the base period, further actions regarding acceptance and shipment may occur after the end of the base period, thus making FAR 52.216-22(d) meaningful...per the Appellant's interpretation. Even unforeseen excusable delays would serve to provide meaning to this language.

(App. mot. at 3-4)

Based upon this interpretation of the FAR 52.216-22 clause, movant asserts that government inspection and acceptance and contractor lot preparation and shipment can be completed 20 days after the end of the 2-year base/ordering/delivery period, or later due to excusable delays, and such interpretation renders the FAR 52.216-22(d) provisions meaningful. Movant cites several decisions applying general rules for contract interpretation. None of them interprets the FAR 52.216-22 clause, ¶ (d), to limit post-delivery rights and duties to 20 days for government inspection and acceptance, and contractor lot preparation and shipment.

DayDanyon's interpretation is unreasonable for the reasons stated in our January 2014 decision, 14-1 BCA ¶ 35,507 at 174,040 (DayDanyon reduces the ordering period from the specified "TWO (2) YEARS" to 20 months, and renders meaningless or superfluous the FAR 52.216-22(d) provisions that orders issued but not completed within the contract's effective period shall be completed within the time specified by the order; the contract governs the parties' rights and duties under orders not so completed to the same extent as if the orders were completed during the contract's effective period; and

4

such interpretation violates the rule to seek to harmonize and give reasonable meaning to all parts of a contract and to render no provision useless, meaningless, inoperative or superfluous). We conclude that DayDanyon has not shown any error of law in our decision.

## CONCLUSION

We acknowledge the need to clarify SOF ¶ 5 of our decision. Accordingly, we grant DayDanyon's motion to the extent of clarifying the last sentence of our SOF ¶ 5 to state: "The record contains no evidence that the CO concurred in DayDanyon's interpretation that the term 'Two Years' in the above-quoted contract provisions meant that DLATS had to order an additional 500 JMICs by 24 December 2010 in order to obtain their delivery within two years after contract award, i.e., by 23 April 2011 less 120 days." We deny the remainder of appellant's motion.

Dated: 28 May 2014

DAVID W. JAMES, JR.
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

JACK DELMAN
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

5

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 57611, Appeal of DayDanyon Corporation, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals